# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH BOWERS,

      Plaintiff,

vs.                                            No. CIV-06-299 JB/RHS

J & M DISCOUNT TOWING, LLC,

      Defendant,

vs.

UNITED STATES OF AMERICA, and
INTERNAL REVENUE SERVICE of the
DEPARTMENT OF THE TREASURY,

      Third Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion for Leave to File a Brief in Support of Defendant J & M's Motion to Dismiss Plaintiff's Complaint Against J & M With Prejudice, filed August 2, 2006 (Doc. 21)("Motion to Brief").  The primary issue is whether the Court should allow the Third-Party Defendants ("the United States") to file a brief in support of Defendant J&M Discount Towing, LLC's ("J&M") motion to dismiss when the United States is arguing in its own Motion to Dismiss Third-Party Complaint, filed June 13, 2006 (Doc. 7), that the Court does not have jurisdiction over the claims against it.  Because the Court has broad authority to weigh the evidence and satisfy itself as to the existence of its power to hear the case, because the Court needs all the help it can get in deciding the jurisdictional issue in this case, and because the Court is aware that the United States could feed its arguments to J&M's counsel, move to file an

amicus brief, or simply have J&M submit the evidence directly in affidavit form, the Court will grant the motion and allow the United States to file its brief.

## PROCEDURAL BACKGROUND

On November 11, 2005, Bowers initiated this case by filing suit against J&M, alleging a state law conversion claim related to the towing, detention, and sale of his vehicle. See Bowers v. J & M Discount Towing, LLC, No. CV-2005-08419 (N.M. Second Jud. Dist. Nov. 11, 2005). Bowers alleged J & M towed his BMW automobile, and allowed it and the personal contents in the car to be sold "without any lawful claim against Plaintiff." See Motion to Brief ¶ 1, at 1. The United States contends that the undisputed facts show, however, that J&M lawfully towed the car at the request of the Internal Revenue Service ("IRS"), which was enforcing a levy to collect delinquent taxes from Bowers. See id.

J&M's counsel filed a third-party complaint against the United States on March 10, 2006. See Notice of Removal at 4-6, filed April 14, 2006 (Doc. 1)("Notice of Removal"). In its third-party complaint, J&M alleges that it "did nothing but comply with specific instructions in a contract with the United States, which was exercising a core government function." Id. at 5. Accordingly, J&M contends that it "is entitled to the government contractor defense, which gives J&M the sovereign immunity of the federal government." Id. The United States removed this case to federal court on April 14, 2006. See Notice of Removal.

The United States contends it has information concerning Bowers' history of attempts to thwart collection of his delinquent Internal Revenue taxes, that this information is relevant to the underlying levy action, and that the information would not otherwise be available to J&M. See Motion to Brief ¶ 2, at 1. The United States further argues that it "presumably has more familiarity

than J&M's private counsel with the jurisdictional defenses available to the Government when damages are claimed in connection with a levy action." Id. ¶ 3, at 2. The United States asks the Court's permission to file a brief in support of J & M's motion to dismiss Bowers' complaint against J&M.

The United States asserts that it will file its brief in support of J&M's motion by August 10, 2006. See id. ¶ 4, at 2. The United States represents that it is waiting to receive additional documents from the IRS, which it intends to attach as exhibits in support of its brief. See id.

Bowers opposes the United States' motion for leave to file a supplemental brief in support of J&M's motion to dismiss. See Plaintiff's Response to United States' Motion for Leave to File Brief in Support of Defendant J&M; Notice of Lack of Jurisdiction over United States, filed August 10, 2006 (Doc. 22)("Bowers' Response"). Bowers argues that, because of sovereign immunity, the Court has no jurisdiction over the third-party complaint against the United States, and that the Court must dismiss it. See id. at 1. Bowers asks the Court to deny the United States' motion to file the brief in support of J&M's motion to dismiss Bowers' complaint, to dismiss J&M's third-party claim against the United States, and to dismiss the United States as a party. See id. at 3. Because granting Bowers' request would re-establish the case as a state law claim between private parties, the United States presumes that Bowers is also asking the case be remanded to state court, his chosen forum. See United States' Reply to Plaintiff's Response to United States' Motion for Leave to File Brief in Support of Defendant J&M at 1, filed August 17, 2006 (Doc. 23)("United States' Reply").

The United States has withdrawn its opposition to J&M's third-party complaint against it, agreed to indemnify J&M in this matter, and has agreed to represent J&M in this litigation. See Amended Motion to Withdraw the United States' Motion to Dismiss Third Party Complaint at 1, filed

July 26, 2006 (Doc. 20).  The United States represents that Bowers' complaint "involves a federal cause of action relating to IRS collection activities," and that the United States "has a significant interest in ensuring that taxpayers (or tax protesters) cannot interfere with the collection of delinquent taxes by filing harassing, vexatious suits against anyone who either helps the IRS execute its collection activities or purchases property at a tax sale."  United States' Reply at 1.  The United States has not made any affirmative statement indicating that it has waived any sovereign immunity it may have in this matter.

## LAW REGARDING RULE 12(h)(3) AND SUBJECT MATTER JURISDICTION

It is a fundamental precept of American law that the federal courts are "courts of limited jurisdiction." Exxon Mobil Corp. v. Allapattah Servs., Inc., 125 S. Ct. 2611, 2616 (2005).  Federal courts "possess only that power authorized by [the] Constitution and statute."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Among the powers which Congress has bestowed upon the courts is the power to hear controversies arising under federal law– federal-question jurisdiction– and controversies arising between citizens of different states– diversity jurisdiction.  See 28 U.S.C. §§ 1331-1332.

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).  Objections to a federal court's subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1240 (2006). See Kontrick v. Ryan, 540 U.S. 443, 455 (2004)("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate

-4-

instance."); Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)(holding that the nature and limits of federal judicial power require the court to raise the issue of subject-matter jurisdiction sua sponte).

Whenever the court lacks jurisdiction of the subject matter involved in an action, the court must dismiss the action. See Tuck v. United Servs. Auto. Ass'n, 859 F.2d 842, 844 (10th Cir. 1988). The party seeking the exercise of jurisdiction bears the burden of establishing jurisdiction and "must allege in his pleading the facts essential to show jurisdiction." United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp., 55 F.3d 1491, 1495 (10th Cir. 1995)(citation and internal quotations omitted). In determining whether a party has adequately presented facts sufficient to establish jurisdiction, the court should look to the complaint's face, see Whitelock v. Leatherman, 460 F.2d 507, 514 (10th Cir. 1972), accepting the well-pleaded factual allegations as true, see United States v. Rodriguez-Aguirre, 264 F.3d 1195, 1203 (10th Cir. 2001), but ignoring conclusory allegations of jurisdiction, see Groundhog v. Keeler, 442 F.2d 674, 677 (10th Cir. 1971).

## SOVEREIGN IMMUNITY

The United States, as a sovereign entity, may be sued only to the extent that it has consented to suit by statute, "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." Delgado v. Gonzales, 428 F.3d 916, 920 (10th Cir. 2005)(quoting United States v. Mitchell, 445 U.S. 535, 538 (1980)(internal quotations omitted)). The United States and its employees, sued in their official capacities, are immune from suit, unless the United States waives sovereign immunity. See Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." Weaver v. United States, 98 F.3d 518, 520 (10th Cir. 1996)(citation and internal quotations omitted). Finally, statutes

granting federal courts general jurisdiction over a matter do not waive the United States' sovereign immunity.  See Wyoming v. United States, 279 F,3d 1214, 1225 (10th Cir. 2002).

**LAW REGARDING 28 U.S.C. § 1441**

The Supreme Court of the United States had traditionally characterized federal courts' removal jurisdiction as "a purely derivative form of jurisdiction." Arizona v. Manypenny, 451 U.S. 232, 242 (1981).  The Supreme Court in Arizona v. Manypenny explained that, "[i]n the area of general civil removals, it is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there." Id. at 243.

The relevance of derivative jurisdiction was largely[1] abolished in 1986, however, when Congress amended 28 U.S.C. § 1441 to provide that a "court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such a civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." 28 U.S.C. § 1441(f).  See Miles v. Okun (In re Miles), 430 F.3d 1083, 1095 n.1 (9th Cir. 2005)("[T]he fact that the state court lacked jurisdiction does not defeat removal jurisdiction.").

---

[1]The expansion of jurisdiction that 28 U.S.C. § 1441(f) provides is limited to cases removed under 28 U.S.C. § 1441.  The original version of the amendment, initially codified as 28 U.S.C. § 1441(e), provided that "[t]he court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim." Barnaby v. Quintos, 410 F. Supp. 2d 142, 144 (S.D.N.Y. 2005)(quoting Judicial Improvements Act of 1985, Pub. L. 99-336 § 3, 100 Stat. 633).  In 2002, Congress redesignated the 1985 amendment as 28 U.S.C. § 1441(f) and replaced the phrase "[t]he court to which such civil action is removed," with "[t]he court to which a civil action is removed under this section." Barnaby v. Quintos, 410 F. Supp. 2d at 144 (quoting Pub. L. 107-273 § 11020(b)(3)(A), 116 Stat. 1758, 1827)(emphasis added).  In making this change, "Congress left no doubt that Section 1441(f) applies only to removals under Section 1441 and not to removals under any other section of the United States Code." Barnaby v. Quintos, 410 F. Supp. 2d at 144.

<u>**ANALYSIS**</u>

Pursuant to rule 12(h)(3) of the Federal Rules of Civil Procedure, Bowers draws the Court's attention to his contention that the Court lacks jurisdiction over the United States. Bowers contends that J&M has not cited any authority, either in its Third-Party Complaint or in its subsequent filings, or referenced any statement, that waives the United States' sovereign immunity. <u>See</u> Bowers' Response at 2. Bowers maintains that no such waiver for the claim can be asserted. Bowers argues that, because the United States should not be in this case, it should not be filing briefs in it against him.

In addition, Bowers contends that the United States has cited no authority for its attempt "to essentially become co-counsel with counsel for J&M." <u>Id.</u> Bowers states, without citing any supporting authority, that United States Attorneys are permitted to represent the United States exclusively, and should not represent private parties such as J&M. <u>See id.</u> at 2-3. Bowers argues that, because the United States has cited no authority which allows it to assist private parties with litigation, the Court should deny its motion.

The Court is concerned that no waiver of immunity is applicable and that sovereign immunity bars any suit against the United States. The Court is concerned that it will have to dismiss the United States. Nevertheless, the United States represents that Bowers' complaint "involves a federal cause of action relating to IRS collection activities," and that the United States "has a significant interest in ensuring that taxpayers (or tax protesters) cannot interfere with the collection of delinquent taxes by filing harassing, vexatious suits against anyone who either helps the IRS execute its collection activities or purchases property at a tax sale." United States' Reply at 1.

The United States, in its reply to Bowers' response to this motion, <u>see</u> United States' Reply

at 1 n.1, and J&M, in its Motion to Dismiss Plaintiff's Complaint Against J&M With Prejudice at 3, filed June 28, 2006 (Doc. 12), both cite the Supreme Court's recent opinion in <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, 545 U.S. 308 (2005), as grounds for the Court exercising jurisdiction in this matter.  In <u>Grable and Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, the Supreme Court affirmed a district court's refusal to remand a quiet title suit brought by a taxpayer, the former owner of real property that was sold at tax sale, against the purchasers of the property.  The Supreme Court held "that the national interest in providing a federal forum for federal tax litigation is sufficiently substantial to support the exercise of federal question jurisdiction over the disputed issue on removal." <u>Id.</u> at 310.

The jurisdictional questions in this case are further complicated by the fact that grants of federal jurisdiction over a matter do not waive the United States' sovereign immunity.  <u>See</u> <u>Wyoming v. United States</u>, 279 F.3d 1214, 1225 (10th Cir. 2002).  These questions require the Court's careful scrutiny.  The Court will take whatever help it can get on the jurisdictional issues.

In cases removed from state court, the Court is not bound by any "unyielding jurisdictional hierarchy," and has discretion to decide its jurisdiction in an orderly and informed manner.  <u>Ruhrgas v. Marathon Oil Co.</u>, 526 U.S. 574, 578 (1999)(holding that if a case may be easily disposed of on grounds that a court lacks personal jurisdiction, and subject-matter jurisdiction raises a difficult and novel question, it is appropriate for the court to consider personal jurisdiction first).  In deciding whether it has jurisdiction over a matter, a court may look beyond the parties' pleadings, and "enjoys broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings." <u>Valentin v. Hosp. Bella Vista</u>, 254 F.3d 358, 363 (1st Cir. 2001).  <u>See</u> <u>Lawrence v. Dunbar</u>, 919 F.2d 1525, 1529 (11th Cir. 1990)(holding that because a factual challenge to a court's subject-matter

jurisdiction implicates the court's very power to hear the case "there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case")(quoting Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981)); Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987)("A district court may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial, if the jurisdictional facts are not intertwined with the merits."). Williamson v. Tucker, 645 F.2d at 413 ("It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached."). The Court believes the power to control and allow briefing on the issue of jurisdiction is included within the Court's broad authority to receive evidence on jurisdictional questions. Moreover, even if the Court were to deny this motion, the Court is aware that the United States could feed its arguments to J&M's counsel, move to file an amicus brief, or simply have J&M submit the evidence directly in affidavit form.

The Court needs to be fully informed about the jurisdictional issues before ruling on the pending motion to dismiss. The Court will allow the United States to file its brief in support of J&M's motion to dismiss. Because August 10, 2006, has already passed, the United States should file its brief as soon as possible.

**IT IS ORDERED** that the United States' Motion for Leave to File a Brief in Support of Defendant J & M's Motion to Dismiss Plaintiff's Complaint Against J & M With Prejudice is granted. The United States will file its Brief in Support as soon as possible.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

Dr. Joseph Bowers
Albuquerque, New Mexico

      *Pro se Plaintiff*

Don F. Harris
Albuquerque, New Mexico

      *Attorney for Defendant J&M Discount Towing, LLC*

David Iglesias
  United States Attorney
Albuquerque, New Mexico

– and –

Cynthia E. Messersmith
  Tax Division
Department of Justice
Dallas, Texas

      *Attorneys for Third-Party Defendants United States and Internal Revenue Service*