IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH H. BOWERS,

    Plaintiff,

vs.                                                                                                                              No. CIV-06-0299 JB/RHS

J&M DISCOUNT TOWING,

    Defendant,

vs.

UNITED STATES OF AMERICA, and
INTERNAL REVENUE SERVICE of the
DEPARTMENT OF THE TREASURY,

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion to Dismiss J&M's Counterclaim Without Prejudice and Amend Judgment to Clarify that the Dismissal of Bowers's Claim is with Prejudice with Regard to J&M, filed November 14, 2006 (Doc. 32)("Second Motion to Dismiss"). The Court held a hearing on the motion on February 26, 2007. The primary issues are: (i) whether the Court should dismiss the Counterclaim of Defendant J&M Discount Towing ("J&M") against Plaintiff Joseph Bowers without prejudice; and (ii) whether the Court should clarify that its earlier dismissal of Bowers' claim in this case is with prejudice with regard to J&M, and without prejudice with regard to the United States. Because Bowers has not responded to the motion, and has therefore consented to the motion, and because the motion to dismiss the Counterclaim has merit, the Court will dismiss J&M's Counterclaim without prejudice. Because the Court has concluded that

Bower's exclusive remedy to recover damages resulting from unlawful actions related to the seizure of his automobile is to bring a cause of action against the United States under 26 U.S.C. § 7433, and that the United States is the real party in interest when a taxpayer brings a suit under 26 U.S.C. § 7433, the Court will dismiss Bowers' claim against J&M with prejudice.  Because the Court dismissed Bower's claim -- to the extent that it could be construed as an action against the United States under 26 U.S.C. § 7433 -- for failing to exhaust his administrative remedies as a jurisdictional prerequisite to filing suit, and because Congress has waived the United States' sovereign immunity with regard to certain civil actions for damages related to unlawful tax collection, the Court will continue to dismiss Bowers' claims against the United States without prejudice.

## PROCEDURAL BACKGROUND

On November 11, 2005, Bowers initiated this case by filing suit against J&M, alleging a state-law conversion claim related to the towing, detention, and sale of his vehicle.  See Bowers v. J & M Discount Towing, LLC, No. D-0202-CV-2005-08419 (Second N.M. Jud. Dist. Nov. 11, 2005). Bowers alleged J&M towed his automobile, and allowed it and the personal contents within it to be sold "without any lawful claim against plaintiff or the vehicle."  Id., Complaint ¶ 4, at 1 ("Bowers' Complaint").  J&M contends that it lawfully towed the car at the request of the IRS, which was enforcing a levy to collect delinquent taxes from Bowers.  See Motion to Dismiss Plaintiff's Complaint Against J&M With Prejudice and Memorandum in Support at 6, filed June 28, 2006 (Doc. 12)("J&M's First Motion to Dismiss").

J&M filed a Third-Party Complaint against the United States on March 10, 2006.  See Bowers v. J & M Discount Towing, LLC, No. CV-2005-08419, Third Party Complaint Against the United States of America Internal Revenue Service of the Department of the Treasury.  In its Third-Party

Complaint, J&M alleges that it "did nothing but comply with specific instructions in a contract with the United States, which was exercising a core government function." Id. ¶ 5, at 2. Accordingly, J&M contends that it "is entitled to the government contractor defense, which gives J&M the sovereign immunity of the federal government." Id.

The United States removed this case to federal court on April 14, 2006 pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. See Notice of Removal ¶ 3, at 2, filed April 14, 2006 (Doc. 1)("Notice of Removal"). The United States then filed a motion to dismiss the Third-Party Complaint, arguing sovereign immunity barred J&M's action against it. See Motion to Dismiss Third-Party Complaint and Supporting Brief, filed June 13, 2006 (Doc. 7). J&M filed its First Motion to Dismiss Bowers' claim on June 28, 2006. See J&M's First Motion to Dismiss. Subsequently, the United States requested to withdraw its motion to dismiss J&M's Third-Party Complaint against it and represented to the Court that it had agreed to: (i) indemnify J&M pursuant to the terms of an Indemnification Agreement between the parties; (ii) represent J&M in this litigation; and (iii) cooperate with J&M in reaching an agreement on reasonable compensation for attorneys' fees should the United States be found liable for J&M's attorneys' fees. See Amended Motion to Withdraw the United States' Motion to Dismiss Third Party Complaint, filed July 26, 2006 (Doc. 20).

The Court granted the United States' request to withdraw its opposition to the Third-Party Complaint on October 17, 2006. See Memorandum Opinion and Order, filed October 17, 2006 (Doc. 28). On October 19, 2006, the United States filed its brief in support of J&M's First Motion to Dismiss Bowers' cause of action. See Brief in Support of J&M Discount Towing, LLC's Motion to Dismiss Plaintiff's Complaint with Prejudice or in the Alternative, For Summary Judgment, filed October 19, 2006 (Doc. 29).

On October 31, 2007, the Court issued its Memorandum Opinion and Order granting J&M's First Motion to Dismiss in part and denying it in part. The Court ruled that, although Bowers' cause of action was styled as a state-law conversion claim, it was essentially a cause of action for unlawful tax collection over which the federal courts have exclusive jurisdiction pursuant to 28 U.S.C. § 2463. See Memorandum Opinion and Order at 36, filed October 31, 2006 (Doc. 30)("October 31 Opinion"). Moreover, the Court held that "Bowers' exclusive remedy to recover damages resulting from any unlawful actions related to the seizure of his automobile is to bring a cause of action against the United States under 26 U.S.C. § 7433." Id. at 37. Because the Court found that the exhaustion of administrative remedies was a jurisdictional prerequisite to a claim for unlawful tax collection under 26 U.S.C. § 7433, however, and that Bowers -- to the extent that his claim could be construed as a cause of action against the United States under 26 U.S.C. § 7433 -- had not exhausted his administrative remedies, the Court concluded that it could not exercise its jurisdiction over the matter at that time and dismissed the claim without prejudice. See id. at 38.

J&M does not desire, for cost reasons, to pursue its Counterclaim against Bowers. See Second Motion to Dismiss ¶ 1, at 1. J&M requests that the Court dismiss its Counterclaim without prejudice, however, in case Bowers causes any more harm to J&M. See id.

On November 2, 2006, J&M's counsel, Mr. Don Harris, spoke with Bowers to inquire whether he would agree to J&M dismissing its Counterclaim. See id. ¶ 4, at 2. Mr. Harris states that Bowers indicated that he needed to read the Court's October 31, 2007 opinion and that he would get back to J&M's counsel after doing so. See id. J&M represents that Bowers has not contacted Mr. Harris after November 2, 2006. See id.

J&M further represents that Mr. Harris called Bowers back and left a lengthy message on his

answering machine explaining that J&M would also seek to clarify that the Court's October 31, 2007 dismissal was with prejudice with regard to Bowers' claim against J&M. See id. J&M maintains that Bowers has not responded to its message. See id.

J&M represents that the United States concurs with the relief that J&M requests in this motion. See id. ¶ 5, at 2.

## ANALYSIS

J&M filed its Second Motion to Dismiss on November 14, 2006. Bowers has not filed a written response and the time for doing so has passed. Pursuant to Local Civil Rule 7.6(a), "[a] response must be served within fourteen (14) calendar days after service of the motion." D.N.M. L.R.-Civ. 7.6(a). In addition, Local Civil Rule 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. L.R.-Civ. 7.1(b)

Nevertheless, despite Bowers' consent under the rule, because he is proceeding pro se, the Court has independently reviewed the contents of the motion and the circumstances of the case to determine whether it should grant J&M's motion. Because the Court believes there are adequate legal grounds upon which to grant the relief J&M requests, and because the Court believes that granting J&M's motion would be consistent with its earlier rulings in this case, the Court will dismiss J&M's Counterclaim and clarify that its earlier dismissal of Bowers' claim was with prejudice to the extent that the claim was brought against J&M and not against the United States.

**I.     THE COURT WILL DISMISS J&M'S COUNTERCLAIM WITHOUT PREJUDICE.**

J&M's decision to voluntarily cease prosecution of its Counterclaim, for cost reasons, is understandable and reasonable. Moreover, given that Bowers may want to pursue alternative claims

against J&M, there is good reason not to dismiss J&M's claim with prejudice. Accordingly, the Court will grant this portion of J&M's motion and dismiss J&M's Counterclaim without prejudice.

## II. TO THE EXTENT THAT BOWERS' CLAIM FOR UNLAWFUL TAX COLLECTION IS AGAINST J&M, AND NOT THE UNITED STATES, IT IS <u>DISMISSED WITH PREJUDICE.</u>

In its October 31, 2007 Memorandum Opinion and Order, the Court ruled that, although Bowers' cause of action was styled as a state-law conversion claim, it was essentially a cause of action for unlawful tax collection over which the federal courts have exclusive jurisdiction pursuant to 28 U.S.C. § 2463. See October 31 Opinion at 36. Accordingly, the Court held that "Bowers' exclusive remedy to recover damages resulting from any unlawful actions related to the seizure of his automobile is to bring a cause of action against the United States under 26 U.S.C. § 7433." Id. at 37. Because the Court found that the exhaustion of administrative remedies was a jurisdictional prerequisite to a claim for unlawful tax collection under 26 U.S.C. § 7433, however, and that Bowers -- to the extent that his claim could be construed as a cause of action against the United States under 26 U.S.C. § 7433 -- had not exhausted his administrative remedies, the Court concluded that it could not exercise its jurisdiction over the matter at that time and dismissed the claim without prejudice. See id. at 38.

Because the Court has concluded that Bower's exclusive remedy to recover damages resulting from unlawful actions related to the seizure of his automobile is to bring a cause of action against the United States under 26 U.S.C. § 7433, and that the United States is the real party in interest when a taxpayer brings a suit under 26 U.S.C. § 7433, the Court will dismiss Bowers' claim against J&M with prejudice. To the extent that Bowers claim can be sustained, his exclusive remedy for unlawful tax collection is against the United States. Because the Court dismissed Bower's claim -- to the

extent that it could be construed as an action against the United States under 26 U.S.C. § 7433 -- for failing to exhaust his administrative remedies as a jurisdictional prerequisite to filing suit, and because Congress has waived the United States' sovereign immunity with regard to certain civil actions for damages related to unlawful tax collection, the Court will continue to dismiss Bowers' claims against the United States without prejudice.

The Court dismissed Bowers' case in federal court for failure to exhaust administrative remedies that constitute a jurisdictional prerequisite to the Court deciding the case on the merits. Consequently, the Court will not dismiss Bowers' entire claim with prejudice. To the extent that Bowers' cause of action is against the United States, and not against J&M, it would be inappropriate now, after deciding it did not have jurisdiction to decide a claim, to then dismiss the claim on the merits.

**IT IS ORDERED** that the Motion to Dismiss J&M's Counterclaim Without Prejudice and Amend Judgment to Clarify that the Dismissal of Bower's Claims is Without Prejudice With Regard to J&M is granted. The Defendant's Counterclaim is dismissed without prejudice. The Plaintiff's cause of action, to the extent that it is against J&M, is dismissed with prejudice. The Plaintiff's cause of action, to the extent that it is against the United States, is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Joseph Bowers
Albuquerque, New Mexico

    *Plaintiff pro se*

Donald F. Harris
Albuquerque, New Mexico

    *Attorney for the Defendant*

Cynthia E. Messersmith
Tax Division
United States Department of Justice
Dallas, Texas

    *Attorneys for the Third-Party Defendants*