IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH BOWERS,

    Plaintiff,

vs.	No. 06-299 JB/RHS

J&M DISCOUNT TOWING, L.L.C.,

    Defendant,

vs.

UNITED STATES OF AMERICA, and
INTERNAL REVENUE SERVICE of the
DEPARTMENT OF TREASURY,

    Third-Part Complaint.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Seal Records, filed December 18, 2007 (Doc. 33)("Motion to Seal"). The Court held a hearing on this motion on February 26, 2007. The primary issue is whether 26 U.S.C. § 6103 requires the Court to seal certain exhibits, which contain information about Plaintiff Joseph Bowers' failure to pay state and federal taxes, that the United States attached in support of a motion to dismiss Bowers' claim against Defendant J&M Discount Towing, L.L.C. ("J&M"), a towing company that the Internal Revenue Service ("IRS") hired to seize Bowers' BMW automobile as part of a tax levy. Because 26 U.S.C. § 6103 does not require the Court to seal the exhibits, and because Bowers has not made an adequate showing to overcome the public's interest in open court proceedings, the Court will deny the motion to seal the exhibits.

**PROCEDURAL BACKGROUND**

On November 11, 2005, Bowers initiated this case by filing suit against J&M, alleging a state-law conversion claim related to the towing, detention, and sale of his vehicle. See Bowers v. J & M Discount Towing, LLC, No. D-0202-CV-2005-08419 (Second N.M. Jud. Dist. Nov. 11, 2005). Bowers alleged J&M towed his automobile, and allowed it and the personal contents in the car to be sold "without any lawful claim against plaintiff or the vehicle." Id., Complaint ¶ 4, at 1 ("Bowers' Complaint"). J&M contends that it lawfully towed the car at the request of the IRS, which was enforcing a levy to collect delinquent taxes from Bowers. See Motion to Dismiss Plaintiff's Complaint Against J&M With Prejudice and Memorandum in Support at 6, filed June 28, 2006 (Doc. 12)("First Motion to Dismiss"). J&M represents that the fact it was sued was published in the newspaper. See Response to Plaintiff's Motion to Seal Records ¶ 4, at 2.

The United States submitted exhibits to the Court indicating that Bowers owes the IRS hundreds of thousands of dollars in uncollected taxes. See Brief in Support of J&M Discount Towing, LLC's Motion to Dismiss Plaintiff's Complaint with Prejudice or in the Alternative, for Summary Judgment, filed October 19, 2006 (Doc. 29)("United States' Brief in Support of J&M"), Exhibits 1-6. These exhibits relate to Bowers' delinquent tax accounts and correspondence he wrote to the IRS and various other government personnel. See id.; United States' Opposition to Plaintiff's Motion to Seal Records at 1, filed December 28, 2006 (Doc. 35)("United States' Memorandum Opposing Sealing"). The United States contends that this information about Bowers' tax liabilities constituted part of its proof indicating that Bowers' exclusive remedy in this case was an action for unlawful tax collection against the United States under the Internal Revenue Code and other applicable federal law. See United States' Memorandum Opposing Sealing at 2.

Bowers represents that, at the October 20, 2006 hearing on J&M's First Motion to Dismiss, he pointed out that the tax records the United States presented were unnecessary and that the disclosure of those records as exhibits violated 26 U.S.C. § 6103. See Motion to Seal at 1. Bowers states that the Court orally indicated, at the October 20, 2006 hearing, that it would seal all exhibits that the United States submitted in this proceeding. See id. Bowers contends that the Court agreed at that time that the records should be sealed. See id. J&M counters that the Court did not agree that the exhibits should be sealed, but merely indicated that it would take the matter under advisement. See Response to Plaintiff's Motion to Seal Records ¶ 7, at 3, filed December 21, 2006 (Doc. 34)("J&M's Response").

The Court has independently reviewed the transcript of the October 20, 2006 hearing. At the hearing, Bowers requested that the Court seal the exhibits in question until the merits of J&M's motion to dismiss were resolved. See Transcript of Hearing at 31:14-16 (Bowers)(taken October 20, 2006)("Transcript").[1] The Court gave the United States and J&M an opportunity to comment on Bowers' request to seal the exhibits. The United States' counsel indicated at that time, that, as a general rule, the United States opposed the sealing of records, and that she did not see any reason that these records should be sealed, but also that she had "no fundamental objection to sealing them." Transcript at 32:15-25 (Messersmith). J&M's counsel stated that he was adamantly opposed to sealing the contested exhibits and requested that, if the Court was inclined to consider taking such a step, it require Bowers to first file a motion requesting the documents be sealed and allow the parties to brief the issue. See Transcript at 34:10-12; 35:1-8 (Harris). In response to the parties'

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

arguments, the Court indicated that it would need to more thoroughly review the United States' exhibits to evaluate how sensitive they were, and would take the motion to seal under advisement. See Transcript at 37:14-16 (Court).

In any case, to date, the Court has not issued an order sealing these records, and the exhibits are still accessible in the court files. Accordingly, Bowers moves the Court to seal all the exhibits that the United States submitted in this proceeding. See Motion to Seal at 1. Bowers requests that the Court enter an order directing that these exhibits be sealed.

Bowers attended the hearing on this motion, but chose not to present any argument in support of his request. Both the United States and J&M oppose Bowers' motion to seal, and ask the Court to deny Bowers' motion to seal the records.

## 26 U.S.C. § 6103

As a general rule, taxpayers' "tax returns and return information shall be confidential." 26 U.S.C. § 6103(a). Among the exceptions to this general rule that Congress has authorized, is disclosure in judicial and administrative tax proceedings. See 26 U.S.C. § 6103(h)(4). A tax return and/or return information may be disclosed in a federal judicial proceeding:

> (A) if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed under this title;
>
> (B) if the treatment of an item reflected on such return is directly related to the resolution of an issue in the proceeding;
>
> (C) if such return or return information directly relates to a transactional relationship between a person who is a party to the proceeding and the taxpayer which directly affects the resolution of an issue in the proceeding; or
>
> (D) to the extent required by order of a court pursuant to section 3500 of title 18, United States Code or rule 16 of the Federal Rules of Criminal Procedure, such court

>being authorized in the issuance of such order to give due consideration to congressional policy favoring the confidentiality of returns and return information as set forth in this title.

26 U.S.C. § 6103(h)(4)(A)-(D). Consistent with 26 U.S.C. § 6103(h)(4)(A), the United States Court of Appeals for the Tenth Circuit has recognized that revealing tax return information is proper where the taxpayer is a party to judicial proceedings. See Rice v. United States, 166 F.3d 1088, 1092 (10th Cir. 1999).

### FIRST AMENDMENT CONCERNS ABOUT OPEN JUDICIAL PROCEEDINGS

The Tenth Circuit has characterized it as "clearly established that court documents are covered by a common law right of access." United States v. McVeigh, 119 F.3d 806, 814 (10th Cir. 1997). While documents are presumptively available to the public, however, they may be sealed "if the right to access is outweighed by the interests favoring nondisclosure." Id. (citing Nixon v. Warner Commc'ns, 435 U.S. 589, 602 (1978)). See Clark v. N.M. Dep't of Corr., 58 Fed. Appx. 789, 792 (10th Cir. 2003)(reversing district court's decision to unseal documents that revealed defendant's role as an undercover informant).

Neither the Supreme Court of the United States nor the Tenth Circuit has decided whether there is a First Amendment right of access to court documents or considered the scope of such a right. See Houchins v. KQED, Inc., 438 U.S. 1, 9 (1978)("This Court has never intimated a First Amendment guarantee of a right of access to all sources of information within government control."); United States v. Gonzales, 150 F.3d 1246, 1256 (10th Cir. 1998)("The Supreme Court has not yet ruled on 'whether there is a constitutional right of access to court documents and, if so, the scope of such a right.'")(quoting United States v. McVeigh, 119 F.3d at 812). The Tenth Circuit has on several occasions, however, assumed without deciding that such a right exists and found that certain

documents fall outside the bounds of First Amendment principles and Supreme Court jurisprudence. See United States v. Gonzales, 150 F.3d at 1256 (citing United States v. McVeigh, 119 F.3d at 814 (rejecting media's request for access to suppressed evidence); Lanphere & Urbaniak v. Colorado, 21 F.3d 1508, 1512-16 (10th Cir. 1994)(denying law firm's commercially motivated request for names and contact information of persons charged with misdemeanor driving infractions); United States v. Hickey, 767 F.2d 705, 709 (10th Cir. 1985)(rejecting defendant's request for access to his co-conspirator's sealed plea bargain and case file)).

In exercising its discretion to seal judicial records, the court weighs the interests of the public, which are presumed paramount, against the interests the parties advance. See Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). In light of the paramount nature of the public's interest, at least one other district court in the Tenth Circuit has required a party wishing to seal a document "to demonstrate a public or private harm that is sufficient to justify the sealing of the document." Hatfield v. Price Mgmt. Co., No. 04-2563-JWL-DJW, 2005 U.S. Dist. LEXIS 2349, at *4 (D. Kan. 2005)(Waxse, J.).

Similarly, in recognition "of the vital public interest in open judicial proceedings," the United States Department of Justice endorses a policy generally opposing the closure of judicial proceedings to the public. 28 C.F.R. § 50.9. Pursuant to the Department of Justice's regulations, closure generally is warranted only when it "is plainly essential to the interests of justice," or when other policy concerns -- such as the need to protect national security or classified information -- are present. 28 C.F.R. § 50.9(e).

## ANALYSIS

The United States contends that, by framing his suit as a conversion action, Bowers

deceptively disguised the true basis for the IRS' seizure of his automobile. See United States' Memorandum Opposing Sealing at 2. The United States describes Bowers' suit as "frivolous, baseless, and brought in bad faith," and asserts that, Bowers is therefore responsible for any embarrassment he has suffered from the disclosure of his tax information. Id. The United States maintains that, because Bowers' conduct is the reason for the disclosure of his tax information, there is no interest involved more compelling than the public's interest in open judicial records. See id.

J&M contends that notions of common sense and personal responsibility should have indicated to Bowers that his lawsuit was frivolous. See J&M's Response ¶ 3, at 2. J&M emphasizes that, because tax protesters can often decline to meet their tax obligations without being exposed, they "seek to manipulate an important aspect of the tax law -- the principle of confidentiality of tax records." Id. ¶ 2, at 1. J&M suggests that a potential consequence of the Court keeping Bowers' tax information available to the public is that the tax-protestor network might be alerted to a possible downside to suing innocent people in an attempt to frustrate the tax laws and be discouraged from bringing such lawsuits. See id. ¶ 5, at 2. Finally, J&M contends that, while Bowers appears to be embarrassed by the disclosure of his tax information, he has not shown remorse about causing J&M significant embarrassment, inconvenience, worry, and expense. See id. ¶ 4, at 2.

Bowers' motivations and tax history are now available for public view. Although Bowers does not explain in his motion why he wants the exhibits sealed, and did not present any argument in support of his request at the hearing on this motion, he is apparently embarrassed or otherwise concerned about the records being public. Rather than explaining what harm he fears, however, Bowers merely contends that the accessibility of his records in the Court's files violates 26 U.S.C. § 6103.

The Court's task on this motion is not to punish Bowers for bringing his case, to embarrass him, or to send a message to tax protesters. The Court's task is the narrow one of determining whether 26 U.S.C. § 6103(a)'s general policy of confidentiality applies to these records, or whether the records are subject to some exception. The Court determines that Congress has not required that the records be sealed.

Congress has created an explicit exception for the disclosure of tax information in association with judicial and administrative tax proceedings. See 26 U.S.C. § 6103(h)(4). A tax return and/or return information may be disclosed in a federal judicial proceeding "if the taxpayer is a party to the proceeding, or the proceeding arose out of, or in connection with, determining the taxpayer's civil or criminal liability, or the collection of such civil liability, in respect of any tax imposed." 26 U.S.C. § 6103(h)(4)(A). Bowers is not only a party to these proceedings, but, as the Plaintiff, he initiated the proceedings. Accordingly, Bowers' case falls within the exception to confidentiality that Congress created in U.S.C. § 6103(h)(4)(A), and Congress has not required the Court to seal the United States' exhibits related to his tax returns and tax return information.

Nor is there any other reason that the Court should seal the exhibits. In exercising its discretion to seal judicial records, the court weighs the interests of the public, which are presumed paramount, against the interests the parties advance. See Crystal Grower's Corp. v. Dobbins, 616 F.2d at 461. Given the presumption that federal court proceedings are open to the public, Bowers has a heavy burden. He has not attempted to meet that burden by showing what harm will come from the records remaining open to the public. He has not advanced any personal interest that outweighs the public's interest in open judicial proceedings.

**IT IS ORDERED** that the Plaintiff's Motion to Seal Records is denied.

                                                                       _____
                                                              UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Joseph H. Bowers
Albuquerque, New Mexico

      *Plaintiff pro se*

Donald F. Harris
Albuquerque, New Mexico

      *Attorney for the Defendant*

David Iglesias
  United States Attorney
Albuquerque, New Mexico

-- and --

Cynthia E. Messersmith
Tax Division
United States Department of Justice
Dallas, Texas

      *Attorney for the Third-Party Defendant*